**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:17-CV-637-RGJ-CHL**

**LORI MARIE FRANKLIN,**

                                                                                  **Petitioner,**

**v.**

**JANET CONOVER,**                                                   **Respondent.**

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**and RECOMMENDATION**

Petitioner Lori Marie Franklin ("Franklin") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1-2) ("2254 Petition").[1] This matter was referred to the undersigned "for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive motions." (DN 9, at PageID # 226.) Before Respondent Warden Janet Conover ("Respondent") could file a response, Franklin sought to amend or supplement her 2254 Petition with additional claims and also asked for discovery (DN 12) ("Amended 2254 Petition"). After Respondent opposed the motion, the undersigned granted the request to amend but denied without prejudice the request for discovery as premature. (DN 26.) Respondent filed a response (DN 36), seeking dismissal of the 2254 Petition and the Amended 2254 Petition. Franklin then filed a reply and a multitude of additional motions. For the reasons set forth below, the undersigned **RECOMMENDS** that the habeas petition be **DENIED WITH**

---

[1] On August 30, 2016, Franklin filed a complaint pursuant to 42 U.S.C. § 1983 (Civil Action No. 3:16-CV-182-GNS). This Court dismissed the action as untimely and as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a state prisoner cannot maintain a section 1983 claim against the police and prosecutor for misconduct during the prisoner's criminal investigation because such a claim challenged the legality of the conviction. *Franklin v. Fisher, et el.*, No. 3:16-CV-182, 2016 WL 4535665, at *8-9 (W.D. Ky. Aug. 30, 2016), *aff'd by Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624 (6th Cir. May 15, 2017).

**PREJUDICE**.  As dismissal of the 2254 Petition renders Franklin's pending motions moot, and the undersigned also **RECOMMENDS** that all pending motions be **DENIED**.

## I. FINDINGS OF FACT

### A. Trial Proceedings

After a joint trial with her codefendant, Richard Woodard, ("Woodard"), the Jefferson Circuit Court sentenced Franklin to forty years imprisonment plus three years of conditional release[2] for several counts of sodomy, rape, and use of a minor in a sexual performance, as well as complicity to all of those offenses.[3]  The convictions arose from a continuing pattern of abuse involving girls enrolled in Richard's Karate Academy, run by Franklin and Woodard.[4]

According to the evidence presented at trial, Franklin and Woodard coached each of the four minor victims in karate.  During various periods in 1994-1997, 2000, and 2002-2003, Franklin and Woodard invited these girls, among others, to stay at one of their apartments on the nights before karate tournaments.[5]  At these sleepovers, Franklin and Woodard began making sexual advances toward and having sex in front of the girls.  When the girls turned thirteen, they testified, Franklin and Woodard asked them to join their relationship as an additional wife by "jumping the broom."  Franklin and Woodard then raped and sodomized the girls, sometimes singly, while the

---

[2] *Commonwealth v. Franklin*, Judgment on Jury Trial [Sentencing], Nos. 03-CR-3277, 03-CR-3388, 04-CR-2596 (Jeff. Cir. Ct. Jan. 18, 2005).  (DN 36-2, at PageID # 524-27.)

[3] A jury convicted Franklin of violations of Kentucky Revised Statute ("KRS") §§ 531.310(1)(2)(b) and 502.020 (Complicity to Use of a Minor in a Sexual Performance, three counts), KRS § 510.080 (Sodomy in the Second Degree, three counts), KRS § 510.090(1)(b) (Sodomy in the Third Degree, three counts), KRS §§ 510.050 and 502.020 (Complicity to Rape in the Second Degree, three counts), KRS §§ 510.060(1)(b) and 502.020 (Complicity to Rape in the Third Degree, one count), KRS §§ 510.080 and 502.020 (Complicity to Sodomy in the Second Degree, six counts), and KRS §§ 510,090(1)(b) and 502.020 (Complicity to Sodomy in the Third Degree, four counts).  *Commonwealth v. Franklin*, Judgment on Jury Trial, Nos. 03-CR-3277, 03-CR-3388, 04-CR-2596 (Jeff. Cir. Ct. Nov. 18, 2004).  (DN 36-2, at PageID # 520-23.)

[4] Unless otherwise specified, this summary of facts is drawn from the Kentucky Supreme Court's opinion affirming Franklin's convictions and sentences.  *Woodard v. Commonwealth*, 219 S.W.3d 723, 726-27 (Ky. 2007), *overruled by Commonwealth v. Prater*, 324 S.W.3d 393 (Ky. 2010).  (DN 36-2, at PageID # 639-41.)

[5] *See* Indictments, DN 36-2, at PageID # 494-518.

other watched, at other times together. The girls also testified to witnessing these events and occasionally being encouraged to participate in "in a big orgy."[6]

### B. Post-Conviction Proceedings

With counsel, Franklin appealed her conviction and sentence to the Kentucky Supreme Court, which affirmed both on April 19, 2007. (DN 36-2, at PageID # 648.) She did not file a petition for a writ of certiorari with the Supreme Court of the United States, making her conviction final on July 18, 2007. *See* 28 U.S.C. § 2244(d)(1)(A) (2017) (determining the date a conviction becomes final for the purposes of federal habeas review).

On March 8, 2010, Franklin filed a *pro se* motion to vacate judgment pursuant to Kentucky Rule of Criminal Procedure 11.42 ("RCr 11.42") ("RCr 11.42 motion"). (DN 36-3, at PageID # 660-83.) She filed an accompanying memorandum (*Id.* at 684-94), and the trial court allowed an attorney from the Kentucky Department of Public Advocacy to file a supplemental motion and accompanying brief (*Id.* at 698-716). Franklin claimed that (1) her trial counsel was constitutionally ineffective because he cooperated with her co-defendant's counsel throughout the trial and thus operated under an actual conflict of interest; (2) trial counsel was ineffective for failing to investigate the history of Franklin's leasing of places to live during the period of the alleged crimes; (3) trial counsel was ineffective for failing to conduct a mitigation investigation; (4) trial counsel failed to cross-examine a witness effectively because he may have had a relationship with him; and (5) trial counsel was constitutionally ineffective based upon cumulative error. (*Id.* at 772-73.)

The trial court held an evidentiary hearing on January 30, 2012. (*Id.* at 772.) After post-hearing briefing by both parties, the court rejected Franklin's claims on the merits and denied the

---

[6] Victim R.H. used this phrase to describe the events. (DN 36-2, at PageID # 640.)

RCr 11.42 motion. (*Id.* at 786.) The Kentucky Court of Appeals affirmed the denial on January 10, 2014 (DN 36-4, at PageID # 869-79), and the Kentucky Supreme Court denied discretionary review on October 15, 2014 (*Id.* at 905.).

Franklin then filed a *pro se* motion to modify her sentence pursuant to Kentucky Rule of Civil Procedure 60.02(f) ("CR 60.02(f)") ("CR 60.02(f) motion") on December 16, 2014. (DN 36-5, at PageID # 906-922.) The trial court appointed an attorney from the Department of Public Advocacy to represent her, but this attorney concluded, in accordance with KRS § 31.110(2)(c), that Franklin's case was not "one a reasonable person with adequate means would bring at his or her own expense," and requested to withdraw from representation. (*Id.* at 926.) The court permitted the withdrawal, and Franklin proceeded *pro se*. (*Id.* at 929.) Franklin raised, for the first time, the argument that the lead detective in her case acted maliciously in arresting her without sufficient probable case and that the prosecutor solicited perjured testimony from witnesses she had prepared to lie to the court. (*Id.* at 908, 917.) On July 8, 2015, the Jefferson Circuit Court denied the CR 60.02(f) motion as untimely because Franklin did not bring it "within a reasonable time," as required by law. (*Id.* at 952.) The Kentucky Court of Appeals affirmed the denial (*Id.* at 999-1005) on March 24, 2017, and the Kentucky Supreme Court denied discretionary review on September 20, 2017 (*Id.* at 1022).

Franklin filed her 2254 Petition on October 16, 2017. (DN 1.) Upon initial review, this Court recognized that Franklin had far surpassed the filing deadline required by 28 U.S.C. § 2244(d)(1)—the provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") that set a strict statute of limitations for federal postconviction review—and ordered Franklin to show cause as to why her 2254 Petition should not be immediately dismissed. (DN 6, at PageID # 162.) Satisfied by Franklin's response, the Court ordered Respondent to file an

4

answer, which she did on April 23, 2018. (DN 36.) In the meantime, Franklin sought to amend or supplement her 2254 Petition and to receive discovery from Respondent.[7] (DNs 12, 20.) The undersigned granted Franklin's motion insofar as she sought to amend her 2254 Petition but denied the motion with respect to the discovery request. (DN 26.) Since that order, Franklin has filed numerous responses, requests, motions, and declarations demanding various forms of relief.[8]

In her 2254 Petition and Amended 2254 Petition, Franklin presents approximately thirty-three grounds for relief, including sub-grounds and grounds that appear to be similar to others asserted. She claims that her arrest and prosecution and treatment since her conviction were the result of intentional discrimination on grounds of both race and sex. She asserts that the police and prosecutor acted in violation of her due process and equal protection rights. She also argues that her trial counsel was constitutionally ineffective in multiple ways. Among other claims, she presents several grounds that this Court may not address because they involve interpretations of state law, procedures that are not related to her conviction and sentence, and alleged constitutional rights that do not exist.

---

[7] Franklin also filed a motion to compel Respondent to file a Rule 5 answer, which was made moot by Respondent's answer. (DNs 19, 36.)

[8] *See* Request for Production of Documents (DN 29), Reply Brief and Request for Leave to Amend Unexhausted Claims (DN 46), Motion to be Released on her own Recognizance (DN 54), Motion to Show Cause for Preliminary Injunction (DN 57), Motion for Summary Judgment on Whether the Petitioner Meets the Aronson Standard involving her Illness (DN 58), Motion for Summary Judgment on KRS 532.055(2) (DN 59), Motion for Mail box Rule Extention [sic] (DN 60), Motion for Summary Judgment on Petitioner's KRS 15.520 Violation Argument (DN 68), Motion for Summary Judgment on Petitioner's KRS 531.310(1)(2)(b) and 502.020 Violation Argument and production of Document (DN 69), Motion for Summary Judgment on whether or not KRS 532.043 violates the Petitioner's Constitutional Rights (DN 77), and Motion for Summary Judgment on Whether or not the Trial Court Failure to Grant a Mistrial was a 14th Amendment Rights Violation (DN 82). The motions related to Franklin's release (DNs 54, 57, and 58) have been mooted by the granting of her parole and release from prison on October 15, 2018. (DNs 78, 87.)

## II. CONCLUSIONS OF LAW

### A. Statute of Limitations

Habeas petitions submitted under 28 U.S.C. § 2254 are subject to a one-year statute of limitations defined by 28 U.S.C. § 2244(d)(1). Generally, § 2244(d)(1) provides that the limitations period shall start on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. §2244(d)(1)(A). If a petitioner does not seek certiorari in the Supreme Court of the United States, she must file her federal petition by a year and a day after the ninety-day period for filing for certiorari has expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (citing SUP. CT. R. 13.1).

Under more unusual circumstances, AEDPA allows that the limitations period will run from the latest of the occurrence of three other types of events: the removal of a State-imposed impediment to filing, the recognition of a new, retroactive Constitutional right, or the discovery of new evidence. 28 U.S.C. §§ 2244(d)(1)(B)-(D). Regarding new evidence, the statute states that the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The statute of limitations can be tolled by the timely and proper filing of a state-court petition for collateral review: "[t]he time during which a properly-filled application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A petition for State review will only toll a limitations period; it will not restart it if the time for filing in federal court has already expired: "'The tolling provision does not "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet

6

fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The undersigned finds that Franklin has not filed her 2254 Petition in a timely manner. The Kentucky Supreme Court denied Franklin's direct appeal on April 19, 2007 (DN 36-2, at PageID # 648), making her conviction final on July 18, 2007. To be considered timely, Franklin should have filed her petition by July 19, 2008. *Bronaugh*, 235 F.3d at 283-84. Although she filed motions in two state court post-conviction proceedings, she did not file either motion before that July 19, 2008 deadline, rendering the statutory tolling provision moot.[9] *Vroman*, 346 F.3d at 602.

Franklin claims that § 2244(d)(1)(D) should extend her limitations period to 2013, when she first "discovered" the evidence that the police arrested her without probable cause and that the prosecutor acted improperly by suborning perjury. (DN 1-2 at PageID # 24, *et seq.*) She admitted in her CR 60.02(f) motion that the evidence she claims as new, a photograph of the apartment building where some of her crimes were alleged to have occurred, was included in the discovery she received from the prosecutor on January 22, 2004. (DN 36-5, at PageID # 909, 1003.) She argues that the fact that she only *realized* that it was included in the discovery in 2013 transforms the photograph into newly discovered evidence. (DN 21, at PageID # 315.) Franklin is incorrect. § 2244(d)(1)(D) states that the period of limitations shall run from "the date on which the claim or claims presented *could have been discovered* through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 Fed. App'x 606, 608 (6th Cir. 2004) (citing

---

[9] Franklin filed her RCr 11.42 motion on or about March 8, 2010 (DN 36-3, at PageID # 698), and her CR 60.02(f) motion on December 16, 2014 (DN 36-5, at PageID # 923).

*Owens v. Boyd*, 235 F.3d 356, 369 (7th Cir. 2000)). Because the photograph was included in pre-trial discovery from the Commonwealth, Franklin should have discovered it in 2004 or shortly thereafter and would have had she exercised reasonable care.

Franklin also argues that she discovered evidence that the prosecutor suborned perjury during her trial by preparing a witness to lie. (DN 12, at PageID # 235.) Franklin undermines her claim that this is new evidence by admitting that she heard victim A.T. testify to both the lie and to the fact that the prosecutor "prepped" her to do so. (DN 39, at PageID # 1055.) Again, evidence is not new if the petitioner could have discovered it before the date she claims to have discovered it. *Townsend*, 99 Fed. App'x at 608. Because Franklin cannot demonstrate that any of her "newly discovered" evidence is evidence that could not have been discovered one year before her filing deadline as determined by section 2254(d)(1)(A), the undersigned finds that her 2254 Petition is not timely.

### B. Equitable Tolling

A petitioner who has missed her filing date under AEDPA's statute of limitations may request that the court forgive that error under the principle of equitable tolling. Equitable tolling is an extraordinary remedy that courts must apply "sparingly." *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). To earn equitable tolling, a petitioner bears the burden to prove that "'(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005)); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011); *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003).

Franklin asserts that she was prevented from filing her state post-convictions motions by the extraordinary circumstance of her mental health impairment. (DN 8, at PageID # 175.) She

8

claims that she suffers from post-traumatic stress disorder and depression because of the shock of her conviction and the fact that she was kept in solitary confinement for 378 days before trial. (*Id.* at 168-70.) She offers as evidence of her condition the fact that she was assigned to a mental health treatment program after her conviction and her repeated assertions of mental illness. (*Id.* at 168-75.)

Franklin's conclusory claims of mental illness are not a sufficient extraordinary circumstance to warrant equitable tolling. Mental incompetence or incapacity may provide justification for equitable tolling if a petitioner can prove that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Mental illness, however, "is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (ruling that a diagnosis of psychotic disorder not otherwise specified coupled with a treatment plan were not sufficient to constitute an extraordinary circumstance). Franklin has not provided any evidence that she suffers from a diagnosed mental illness, let alone the mental incompetence that would have prevented her from filing for post-conviction relief. Furthermore, the state post-conviction court, after holding an evidentiary hearing, found that both Franklin's and Woodard's trial attorneys credibly testified that Franklin was very active and "instrumental" in preparing her defense strategy, even after her time housed in protective custody. (DN 36-4, at PageID # 869, 877; DN 36-3, at PageID # 779.) Franklin has not presented clear and convincing evidence to rebut the presumption that the trial court's assessment of her competent participation in her trial and defense was correct. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Franklin asserts that the fact that she was assigned to a mental-health treatment program upon her entry into prison is sufficient proof of her claimed illnesses and mental incompetence. In fact, the treatment program appears to have been the court-ordered sex-offender program required by her sentence. She offers no documents to support her assertion that she was held in solitary confinement for over a year before her trial, nor any medical records that demonstrate that she has been diagnosed with a mental illness. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Ata*, 662 F.3d at 742. Indeed, Franklin's own filings belie her claimed incompetence: on September 12, 2005, just a few months after her conviction and sentencing, she sought specific assistance from the Department of Public Advocacy that demonstrated an understanding of the legal process and the limitations of a direct appeal. (DN 8-1, at PageID # 222 (Letter from Julie Namkin to Lori Franklin responding to Franklin's letter seeking assistance).) On April 26, 2007, she sent a letter to the Administrative Office of the Courts for the Commonwealth of Kentucky, seeking legal and investigative assistance in challenging her conviction. (*Id.* at 221 (Letter from C.J. Howard to Lori Franklin responding to Franklin's letter and suggesting that she look online for legal materials and contact an organization for legal aid).) Petitioner's subsequent voluminous, well-written filings to this Court and to multiple city and Commonwealth agencies further demonstrate her mental competence.[10]

Franklin's other claims that circumstances prevented her from making a timely filing offer her no relief. She argues the sex-offender treatment program that she was required to complete as a condition of her sentence kept her too busy to file, but she finished that treatment program on December 8, 2008, giving her until December 8, 2009 to make a timely filing (assuming she had

---

[10] In her Reply to Warden's Response to Show Cause Memorandum, Franklin even admits that she attempted to begin the post-conviction review process by contacting the Department of Public Advocacy when her direct appeal was denied because the habeas packets provided by that agency were not available to her in her prison facility. (DN 21, at PageID # 311-12.)

10

been incompetent until her completion of the program). (DN 8-1, at PageID # 210.) She asserts that she could not file because she was too indigent to afford an attorney and investigator, but neither she nor any prisoner has a constitutional right to the assistance of post-conviction counsel, a circumstance not extraordinary in any way. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974); *see Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.")

Finally, she avers that she mistakenly thought that AEDPA would allow her to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3) and (4). However, "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [her] late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Allen v. Yukins*, 366 F.3d 396, 402 (6th Cir. 2004) ("The AEDPA statute plainly states that the one-year statute of limitations runs from the 'conclusion of direct review' and that the statutory period is tolled during the time when a motion for state postconviction review is pending.").

Franklin also cannot prove that she has been pursuing her rights diligently since the removal of any alleged extraordinary impediment to her filing for post-conviction relief. She did not file her first state post-conviction motion until March 8, 2010, more than a year and a half after she completed her sex-offender treatment program. She indeed filed several grievances in city and Commonwealth agencies, but none of those filings was directly related to her conviction and sentence, and none is competent to toll the federal statute of limitations, so none can be considered diligent pursuit of her rights to be free from unconstitutional confinement. 28 U.S.C. § 2244(d)(2).

For the foregoing reasons, Franklin has not demonstrated that she is entitled to the equitable tolling of the federal habeas statute of limitations. Because Franklin is not entitled to equitable tolling, the undersigned finds that her petition is untimely and will recommend the same be denied.

### C. Evidentiary Hearing

"Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting, in part, *Wilson v. Kemna,* 12 F.3d 145, 146 (8th Cir.1994)). Not only does Franklin not allege sufficient grounds for relief, but the trial court also held a substantial evidentiary hearing in her RCr 11.42 proceeding. Consequently, the undersigned concludes that no evidentiary hearing is warranted.

### D. Certificate of Appealability

The final question before the Court is whether Franklin is entitled to a certificate of appealability pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may be issued to a habeas petitioner seeking to vacate his or her conviction only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). For a petition dismissed for timeliness, a court must consider "whether reasonable jurists would find it debatable whether it was correct in its procedural ruling, *i.e.*, that the petition was untimely filed." *Cummings v. Yukins*, 61 Fed. App'x 188, 189 (6th Cir. 2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). The Court finds that Franklin has failed to make the showing required to support the issuance of a certificate of appealability. That is, Franklin has failed to demonstrate that reasonable jurists would find the untimeliness of her filing debatable.

Accordingly, the undersigned recommends that a certificate of appealability be denied.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Franklin's habeas petition (DN 1) be **DENIED WITH PREJUDICE**, that all pending motions (DNs 19, 20, 29, 46, 54, 57, 58, 59, 60, 68, 69, 77, and 82) be **DENIED as moot**, and that a Certificate of Appealability be **DENIED**.

cc: Counsel of record
    *Pro se* petitioner

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).