UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LORIE MARIE FRANKLIN     Petitioner

v.     Civil Action No. 3:17-cv-00637-RGJ-CHL

JONATHAN HALL, DIRECTOR,     Respondent
DIVISION OF PROBATION AND
PAROLE

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Petitioner Lorie Marie Franklin filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief for her 2004 conviction in Jefferson Circuit Court on several counts of sodomy, rape, and use of a minor in a sexual performance.[1] [DE 1, Petition; DE 12, Am. Petition]. The Court referred the matter to Magistrate Judge Colin H. Lindsay [DE 9], who filed a Report and Recommendation ("R&R") recommending that the Court deny Franklin's Petition [DE 89]. Franklin filed timely objections. [DE 92]. The Court has reviewed the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules. For the reasons below, the Court **OVERRULES** Franklin's objections and **ADOPTS** the R&R.

### BACKGROUND

The R&R accurately sets forth the factual and procedural background of the case. [*See* DE 89 at 1577–80]. Below, the Court mentions the key facts to frame its discussion and analysis of Franklin's objections.

---

[1] Janet Conover, Warden of the Kentucky Correctional Institute for Women, was the original respondent. [DE 1]. Conover moved to substitute Hall as respondent because Franklin was granted parole and is now formally in Hall's custody [DE 90]. The Court granted Conover's Motion on March 25, 2019. [DE 94].

1

In 2004, a jury convicted Franklin of several counts of sodomy, rape, and use of a minor in a sexual performance. *See Woodard v. Commonwealth*, 219 S.W.3d 723 (Ky. 2007), *overruled on other grounds by Commonwealth v. Prater*, 324 S.W.3d 393 (Ky. 2010). The Jefferson Circuit Court sentenced Franklin to forty-years imprisonment and three years of conditional release. *Id.* Through counsel, Franklin appealed her conviction and sentence to the Kentucky Supreme Court, which affirmed. *Id.* Franklin did not petition for certiorari with the Supreme Court of the United States, and her conviction became final on July 18, 2007. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 8, 2010, Franklin filed a *pro se* motion to vacate judgment asserting that her trial counsel was constitutionally ineffective. [DE 36-3 at 660–83]. The trial court held an evidentiary hearing and later rejected Franklin's claims on the merits and denied her motion. *Id.* at 786. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review on October 15, 2014. [DE 36-4 at 869–79, 905].

On December 16, 2014, Franklin filed a *pro se* motion to modify her sentence. [DE 36-5 at 906–922]. For the first time, Franklin asserted that the lead detective in her case acted maliciously in arresting her without sufficient probable cause and that the prosecutor solicited perjured testimony from witnesses. *Id.* at 908, 917. The Jefferson Circuit Court denied Franklin's motion as untimely. *Id.* at 952. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review on September 20, 2017. *Id.* at 999–1005, 1022.

On October 16, 2017, Franklin filed a Petition for a Writ of Habeas Corpus with this Court. [DE 1]. The Court referred the Petition to Magistrate Judge Lindsay "for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive motions." [DE 9 at 226]. Franklin moved to amend her

Petition, which Magistrate Judge Lindsay granted. [DE 26].[2] Magistrate Judge Lindsay filed the R&R recommending that the Court deny Franklin's Petition. [DE 89]. Franklin filed timely objections. [DE 92].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72, a district court may refer a prisoner petition to a magistrate judge to conduct an evidentiary hearing, if necessary, and submit proposed findings of fact and recommendations for the disposition of the petition. Rule 72(b)(2) provides a petitioner with fourteen days after service to register any objections to the recommended disposition. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

---

[2] Franklin has also filed numerous responses, requests, motions, and declarations seeking various forms of relief. Many of these filings remain pending. *See* Motion to Compel Respondent to File a Rule 5 Answer [DE 19], Motion to Change the Petitioner's Amended Complaint to a Supplemental Complaint to a Supplemental Complaint [DE 20], Reply Brief and Request for Leave to Amend Unexhausted Claims [DE 46], Motion to be Released on her own Recognizance [DE 54], Motion to Show Cause [DE 57], Motion for Summary Judgment on Whether the Petitioner Meets the Aronson Standard involving her Illness [DE 58], Motion for Summary Judgment on KRS 532.055(2) [DE 59], Motion for Mail box Rule Extention [sic] [DE 60], Motion for Summary Judgment on Petitioner's KRS 15.520 Violation Argument [DE 68], Motion for Summary Judgment on Petitioner's KRS 531.310(1)(2)(b) and 502.020 Violation Argument and production of Document [DE 69], Motion for Summary Judgment on whether or not KRS 532.043 violates the Petitioner's Constitutional Rights [DE 77], and Motion for Summary Judgment on Whether or not the Trial Court Failure to Grant a Mistrial was a 14th Amendment Rights Violation [DE 82].

**DISCUSSION**

The R&R recommends that the Court deny Franklin's Petition because habeas petitions submitted under 28 U.S.C. § 2254 are subject to the one-year statute of limitations defined by 28 U.S.C. § 2244(d)(1). [DE 89 at 1581]. Magistrate Judge Lindsay found that the statute of limitations expired in 2008 and that Franklin failed to show that either the relevant tolling statute or equitable tolling applied. *Id.* at 1581–87. Magistrate Judge Lindsay also found that Franklin's Petition did not justify an evidentiary hearing and recommended that the Court deny a certificate of appealability. *Id.* at 1587.

Franklin filed specific objections to six of the R&R's findings. [DE 92]. Although many objections are intertwined, the Court will consider each separately. The objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(c); *see also Robert*, 507 F.3d at 994.

**A.    Provision of Counsel**

First, Franklin asserts that Magistrate Judge Lindsay did not uphold his duties because he failed to consider that Franklin could not afford to file a petition before the statute of limitations expired. [DE 92 at 1603]. Franklin asserts that she was unable to file her Petition before the statute of limitations expired because she could not afford an attorney, and she argues that her claims should thus be equitably tolled. [DE 8 at 188–95; DE 92 at 1604].

A party seeking equitable tolling bears the burden of establishing two elements: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced

or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). That said, the Supreme Court is "much less forgiving . . . where the claimant failed to exercise due diligence in preserving [her] legal rights." *Id.* Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). It typically "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

Courts in this Circuit have consistently held that the lack of professional legal assistance is not an extraordinary circumstance that tolls the statute of limitations. *See, e.g.*, *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010); *Williams v. Williams*, No. 5:07CV01498, 2008 WL 2121078, at *4 (N.D. Ohio Mar. 14, 2008), *report and recommendation adopted*, No. 5:07 CV 1498, 2008 WL 2121036 (N.D. Ohio May 20, 2008); *Montgomery v. Bell*, No. 1:07-CV-289, 2008 WL 112051, at *3 (E.D. Tenn. Jan. 9, 2008); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001). As a result, Franklin's lack of professional representation did not toll the AEDPA's statute of limitations, and her objection is overruled.

Similarly, Franklin argues that the R&R is defective because Magistrate Judge Lindsay did not provide her with counsel in these proceedings. [DE 92 at 1603]. Other than for the direct appeal of a conviction, the Sixth Amendment does not include a right to court-appointed counsel in post-conviction proceedings, including habeas proceedings. In fact, the Supreme Court has held that defendants do not have a constitutional right to appointed counsel for any discretionary appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). This includes collateral attacks on convictions. *Id.* at 555 ("We have never held that prisoners have a constitutional right to counsel when mounting

5

collateral attacks upon their convictions . . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." (citation omitted)); *see also Kissner v. Palmer*, 826 F.3d 898, 905 (6th Cir. 2016). For these reasons, Franklin's lack of counsel in these proceedings does not render the R&R defective. Franklin's objection is therefore overruled.

**B.     Evidentiary Hearing**

Second, Franklin objects to Magistrate Judge Lindsay's decision not to hold an evidentiary hearing. [DE 92 at 1603–04]. "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)). But "a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Id.* "The decision to grant an evidentiary hearing is 'generally left to the sound discretion of district courts.'" *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Here, the Jefferson Circuit Court held an evidentiary hearing in response to Franklin's motion to vacate judgment. [DE 36-3 at 772]. The parties had an opportunity to file post-hearing briefs, and the court then denied Franklin's motion. *Id.* The Kentucky Court of Appeals affirmed the denial and the Kentucky Supreme Court denied discretionary review. *Id.* at 869–79, 905. Other than Franklin's assertion that she discovered the alleged police misconduct after the 2012 hearing, which is discussed separately in Section D, Franklin does not claim that the 2012 hearing was not full or fair. For the reasons outlined in the R&R and further described in this Order, Franklin does not allege sufficient grounds for release. Franklin fails to show that the statute of limitations should

have been tolled, and she thus needed to file her § 2254 Petition no later than July 19, 2008. *See* 28 U.S.C. §§ 2254, 2244(d)(1). She did not do so until October 16, 2017. [DE 1]. As a result, Franklin's Petition lacks merit, and Magistrate Judge Lindsay did not err in declining to hold an evidentiary hearing. Franklin's objection is therefore overruled.

C. **"Fundamental Miscarriage of Justice"**

Third, Franklin argues that acceptance of the R&R would cause a "fundamental miscarriage of justice." [DE 92 at 1605–06 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012)]. Franklin suggests that "procedural default"—a doctrine instructing federal courts not to review the merits of a habeas petition if a state court has refused to review the complaint because the petitioner failed to follow reasonable state-court procedures—relates to the statute of limitations and tolling issues here. [*See* DE 92 at 1605–06].

*Coleman* does not affect the issues here. *Coleman* held that in "cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. *Coleman* did not, however, announce a "fundamental miscarriage of justice" standard related to the AEDPA's statute of limitations. Instead, the equitable-tolling doctrine and its "extraordinary circumstance" standard is the proper avenue for a petitioner seeking relief for a missed AEDPA deadline. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). As discussed, Franklin fails to show that equitable tolling is warranted. This objection is therefore overruled.

7

### D. Police Misconduct

Fourth, Franklin asserts that Magistrate Judge Lindsay failed to provide Franklin with an opportunity to present newly discovered evidence of police misconduct, which would have reset the limitations period to 2013. [DE 92 at 1606–10]. Habeas petitions submitted under 28 U.S.C. § 2254 are subject to the one-year statute of limitations defined by 28 U.S.C. § 2244(d)(1). Generally, § 2244(d)(1) provides that the limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. §2244(d)(1)(A). If a petitioner does not seek certiorari in the Supreme Court of the United States, she must file her federal petition by a year and a day after the ninety-day period for filing for certiorari has expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283–84 (6th Cir. 2000). That said, upon the discovery of new evidence, the AEDPA stipulates that the limitations period will begin to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, the inquiry is "not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citing *Owens v. Boyd*, 235 F.3d 356, 369 (7th Cir. 2000)).

The Kentucky Supreme Court denied Franklin's direct appeal on April 19, 2007. [DE 36-2 at 648]. Because Franklin's conviction was final on July 18, 2007, she was required to file her Petition by July 19, 2008. *Bronaugh*, 235 F.3d at 283–84. After the July 19, 2008 deadline expired, Franklin filed two motions in state court: a *pro se* motion to vacate judgment on March 8, 2010, and a *pro se* motion to modify her sentence on December 16, 2014. [DE 36-3 at 660–83; DE 36-5 at 906–22]. Franklin filed these motions after the July 2008 deadline, so the motions did not affect the already expired statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602

8

(6th Cir. 2003) (citation omitted) (finding that § 2244(d)(2)'s tolling provision does not revive an already expired limitation period).

Franklin now claims that § 2244(d)(1)(D) should extend her limitations period to 2013, when she says that she first discovered evidence of police misconduct. [DE 1-2 at 24; DE 92 at 1606–10]. The evidence at issue relates to a photograph of the apartment building where Franklin allegedly committed some of her crimes. [DE 36-5 at 909, 1003]. Franklin asserts that the photograph shows that the lead detective knew that Franklin did not lease the apartment where one of the sex crimes occurred until after that sex crime was committed. *Id.* at 1002. In any event, Franklin admitted in her *pro se* motion to modify sentence that the photograph was included in the discovery materials she received on January 22, 2004. *Id.* at 1003–04. She offers no persuasive justification for why she did not discover the photograph until 2013. With reasonable care, Franklin could have discovered the photograph well before 2013. *See Townsend*, 99 F. App'x at 608. As a result, § 2244(d)(1)(D) does not apply, and the statute of limitations expired on July 19, 2008. Franklin's objection is therefore overruled.

### E. Mental Incompetence

Fifth, Franklin argues that Magistrate Judge Lindsay failed to consider Franklin's mental illness when deciding whether equitable tolling applied. [DE 92 at 1610–11]. As discussed in Section A, equitable tolling typically "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560. One such circumstance is when a petitioner is mentally incompetent, which may justify equitable tolling if the petitioner proves that "(1) [she] is mentally incompetent and (2) [her] mental incompetence caused [her] failure to comply with AEDPA's statute of limitations." *Ata*, 662 F.3d at 742. But "mental illness is not the same as mental

incompetence." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 101 (2017) (citation omitted). While there are "'no fixed or immutable signs' of incompetence, the standard is a high one, and the relevant factors—'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence'—'are difficult to evaluate.'" *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)); *see also Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014) (defining "incompetence" as an inability to understand charges and assist in one's defense).

Franklin asserts that she suffers from post-traumatic stress disorder and depression because of her conviction and time in pretrial solitary confinement. [DE 8 at 168–70, 175]. Following Franklin's admission to the Kentucky Correctional Institution for Women and repeated assertions of mental illness, Franklin was referred to a mental-health program. *Id.* at 168. Over the next several years, Franklin participated in numerous sessions to improve her mental health. *Id.* at 171–75. Franklin claims that this shows she was mentally incompetent before the limitations period expired, and equitable tolling is therefore proper.[3]

Even if Franklin suffered from mental illness, there are several facts showing that the illness did not amount to incompetence that would toll the statute of limitations. First, Franklin wrote letters between the time of her conviction and when she needed to file her Petition that showed a clear understanding of her legal predicament. On September 12, 2005, Franklin sought

---

[3] While unrelated to mental incompetence and not specifically objected to, Franklin also asserts that: (1) the required sex-offender treatment program kept her too busy to file a timely petition; (2) that she could not file because she was too indigent to afford an attorney and investigator; and (3) that she mistakenly thought that AEDPA permitted a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3) and (4). Yet as discussed above, Franklin's sex-offender treatment program did not prevent her from composing letters seeking assistance or otherwise collaterally attacking on her conviction. Franklin's other arguments fail as a matter of law. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (finding that "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [a] late filing").

assistance from the Department of Public Advocacy. [DN 8-1 at 222–23]. Then, on April 26, 2007, Franklin sought legal and investigative assistance from the Administrative Office of the Courts for the Commonwealth of Kentucky. *Id.* at 221. Franklin even tried to begin the post-conviction review process when her direct appeal was denied. [DE 21 at 311–13]. Franklin was thus able to understand the charges against her and assist in her defense before the July 2008 deadline. *See Davis*, 747 F.3d at 500. She could also rationally understand the need to file her Petition timely. *See Stiltner v. Hart*, 657 F. App'x 513, 522 (6th Cir. 2016) (citing *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Second, during the post-conviction court's hearing on Franklin's motion to vacate judgment, Franklin's trial attorneys testified that Franklin "actively participated" in preparing her defense strategy, even after her time in solitary confinement. [DE 36-4 at 877]. One of Franklin's attorneys even testified that Franklin "was instrumental in crafting the defense of actual innocence based on the victim's motivations for lying." [DE 36-3 at 779]. Again, Franklin was thus able to understand the charges against her and assist in her defense. *See Davis*, 747 F.3d at 500.

Finally, Franklin offers no medical records to show that she has been diagnosed with a mental illness or that any such illness caused her late Petition. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Ata*, 662 F.3d at 742. Instead, "a causal link between the mental condition and untimely filing is required." *Id.* (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)); *see also Watkins*, 854 F.3d at 852. Considering this lack of evidence and other facts indicating that Franklin understood the charges against her and assisted in her defense, Franklin was required to file her petition before the July 2008 deadline. Franklin's objection is therefore overruled.

## F. Therapist's Report

Sixth, Franklin asserts that Magistrate Judge Lindsay erred by failing to hold a hearing on Franklin's therapist's report, which Franklin argues would have shown that equitable tolling was proper. [DE 92 at 1612]. On December 27, 2018, Franklin filed a declaration stating that she was diagnosed with post-traumatic stress disorder ("PTSD"), which Franklin claims began in 1987, long before the events leading to her conviction. [DE 88 at 1567–68, 1573]. Franklin declares that a therapist at the Correctional Institute told Franklin that she should not have received a 40-year sentence because she was "mentally and physically" captive in an abusive relationship. *Id.* at 1568. Franklin now asserts that Magistrate Judge Lindsay's failure to hold a hearing on the therapist's findings amounts to a "grave miscarriage of justice." [DE 92 at 1612].

Notably, Franklin's Declaration does not assert that her alleged PTSD amounted to mental incompetence for purposes of tolling the statute of limitations. Instead, Franklin relies on the PTSD diagnosis simply to claim that he 40-year sentence was unfair. *Id.* at 1567. But even if the sentence were unfair, that fact would have no bearing on Franklin's ability to file a timely petition. As discussed in Section E, Franklin was able to understand the charges against her and assist in her defense before the July 2008 deadline, even if she suffered from PTSD at the time. Thus, Franklin did not allege sufficient grounds for release, and Magistrate Judge Lindsay did not err by declining to hold an evidentiary hearing. Franklin's objection is therefore overruled.

## G. Certificate of Appealability

Finally, the Court must determine whether Franklin is entitled to a certificate of appealability. A court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (Feb. 22, 2017); *Ajan v. United States*, 731 F.3d 629, 630 (6th Cir. 2013). A petitioner must show

"that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017). For a petition dismissed as untimely, a court must consider "whether reasonable jurists would find it debatable whether it was correct in its procedural ruling, *i.e.*, that the petition was untimely filed." *Cummings v. Yukins*, 61 F. App'x 188, 189 (6th Cir. 2003) (citing *Slack*, 529 U.S. at 484–85).

For the reasons outlined in the R&R and further described in this Order, the Court finds that Franklin has failed to show that a reasonable jurist would find Franklin's untimeliness debatable. There is thus no probable cause to issue a certificate of appealability.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS**:

(1) Franklin's § 2254 Petition [DE 1; DE 12] is **DISMISSED WITH PREJUDICE**;

(2) Magistrate Judge Lindsay's R&R [DE 89] is **ADOPTED** as the opinion of this Court;

(3) Franklin's Objections [DE 92] are **OVERRULED**;

(4) A Certificate of Appealability is **DENIED**; and

(5) Franklin's other pending motions [DE 19; DE 20; DE 46; DE 54; DE 57; DE 58; DE 59; DE 60; DE 68; DE 69; DE 77; and DE 82] are **DENIED AS MOOT** and stricken from the Court's active docket.

Cc: Counsel of record

13